IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>HUMBERTO BUENO ALVARADO a/k/a NICOLAS BENITEZ SOTO,<br>JESUS BUENO ALVARADO a/k/a SAUL AGUILAR RICO,<br>MARCO ANTONIO JUAREZ GUEVARA a/k/a FRANCISCO VELA-MARTINEZ,<br>GRACIELA VASQUEZ MARTINEZ,<br>CRISTINO TREJO LABRA,<br>ANA KAREN TINAJERO,<br>JOSE ENRIQUE REYNAGA,<br>PABLO AGUIRRE LUCAS,<br>VICENTE MENDIOLA VANEGAS a/k/a VICENTE MENDIOLA VENEGAS,<br>DARIO ERAS SANTANA,<br>WILLIAM FARMER,<br>JIMMY DARRELL BAILEY, AND<br>ALVARO SOTO GONZALEZ | CRIMINAL ACTION NO.<br><br>1:20-CR-197-TWT-AJB |

**Motion for Order Allowing the Government to Maintain Custody of Seized Property Pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II)**

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Radka T. Nations, Assistant United States Attorney for the Northern District of Georgia, hereby moves this Court for an order permitting the United States to maintain custody of property already in the government's lawful custody

1

pending the resolution of this criminal case. In support of its motion, the United States submits as follows:

1. Since November 2019, agents with the Drug Enforcement Administration ("DEA") have been investigating Humberto Bueno Alvarado and others for illegal drug trafficking.

2. The investigation revealed that Alvarado purchased a 2016 Chevrolet Suburban C1500 LTZ with VIN 1GNSCJKC1GR395817 ("Seized Vehicle") with drug proceeds and used it for facilitating his drug trafficking activities.

3. On or about March 31, 2020, DEA executed a Federal search warrant on 1427 Silver Fox Run, Woodstock, GA, which was the primary residence of Alvarado and his wife Luciana Campos Rayo. Agents interviewed Rayo and asked her where they can find the Seized Vehicle. Rayo denied owning such a vehicle despite the fact that agents showed her photos and surveillance videos of the Seized Vehicle being parked in her driveway and her driving the Seized Vehicle. Rayos consented for DEA to look through her phone. On the phone, agents found in Apple Maps a location marked as "parked car." That location was 3535 Lawrenceville Highway, Tucker, Georgia.

4. DEA agents went at the 3535 Lawrenceville Highway location and found the Seized Vehicle parked in front of one of the buildings. Even after agents found the Seized Vehicle, Rayos denied knowledge about this car. In the meantime, at the 1427 Silver Fox Run residence, agents found a Chevrolet key in Rayos's purse. When asked what vehicle the key belonged to, Rayos shrugged her shoulders.

DEA agents used that key and were able to unlock the Seized Vehicle. DEA seized the Seized Vehicle.

5. After seizing the above-described asset, DEA promptly initiated administrative forfeiture proceedings by sending notices to persons believed to have an interest in the property, as required by 18 U.S.C. § 983(a)(1). The notice set forth DEA's intent to forfeit the seized property in a non-judicial forfeiture proceeding.

6. On August 27, 2020, Yareli Cabrera Gomez filed a claim to the Seized Vehicle. DEA did not refer the claim to the United States Attorney's Office for the Northern District of Georgia for civil judicial forfeiture.

7. Meanwhile, on June 3, 2020, a grand jury sitting in the Northern District of Georgia indicted Alvarado and others, for, among other things, possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

8. The forfeiture provision in this Criminal Indictment provided that upon conviction, Alvarado and other listed defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations.

9. On June 3, 2021, the Government filed its Second Bill of Particulars to add certain property subject to forfeiture under the forfeiture provision of the

indictment. The Bill of Particulars specifically identified as forfeitable property the Seized Vehicle.

10. Pursuant to 18 U.S.C. § 983(a)(3), upon the receipt of a claim contesting administrative forfeiture, the United States has 90 days to: (1) return the seized property, (2) commence a civil judicial forfeiture action against the seized property, (3) obtain a criminal indictment that contains a forfeiture allegation, or (4) obtain an extension of time from the court to file a civil complaint for forfeiture.

11. Because the United States chose to commence a criminal action containing a forfeiture allegation related to property that is already in Government custody, the United States must now "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II).

12. The applicable criminal forfeiture statute here is 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).  21 U.S.C. § 853 outlines several methods that a court may employ to preserve property for the purpose of criminal forfeiture, including the issuance of a seizure warrant, restraining order or injunction, or "any other action to preserve the availability of the property . . . for forfeiture . . .."  21 U.S.C. § 853(e)(1) & (f).

13. A seizure warrant, restraining order, or injunction is not required for the Government to maintain custody of property already in its custody.  *See United States v. Abrahams*, Criminal No. 12-cr-0639-JFM, 2013 WL 285719 at *4 (D. Md. Jan. 24, 2013) (quotations omitted) (finding that the Government only needs to

obtain a criminal indictment containing a forfeiture allegation and represent that it will preserve the property already in custody in order to obtain a 21 U.S.C. § 853(e) court order for the maintenance of property already in Government custody); *In re: 2000 White Mercedes ML320*, 220 F. Supp. 2d 1325-1326 (M.D. Fla. 2001) (finding that if property is already in Government custody, a Section 853(f) seizure warrant is not necessary or appropriate).

14. Instead, a court may appropriately issue an order that permits the United States to maintain the seized property in Government custody until the resolution of the criminal case:

> Where the Government [represents that it has taken seized property into custody for purpose of forfeiture and that it will preserve that property until resolution of criminal case and related criminal forfeiture proceedings], the only court order needed to preserve the Government's right to maintain custody of the property for the purposes of Section 983(a)(3)(B)(ii)(II) is a 'housekeeping' order providing that the Government may continue to maintain custody of the seized asset until the criminal case is concluded.

*United States v. Abrahams*, Criminal No. 12-cr-0639-JFM, 2013 WL 285719 at *4 (D. Md. Jan. 24, 2013) (quotations omitted). *See also United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. Feb. 22, 2007) (finding that the 21 U.S.C. § 853(e)(1) provision that authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture "applies in circumstances where, as here, the Government has already obtained lawful custody of the seized assets pursuant to Federal search and seizure warrants, and State search warrants, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II)");

*United States v. Standridge*, 2007 WL 2572207, at *2 (M.D. Fla. Sept. 5, 2007) (entering order preserving of seized funds for forfeiture where the Government had obtained a criminal indictment containing an allegation that the property was subject to forfeiture and took steps necessary to preserve the Government's right to maintain custody of the seized property under 21 U.S.C. § 853(e) by filing a motion for an order to continue to maintain custody of property); *In re One 2000 White Mercedes ML320*, 220 F. Supp. 2d at 1325 (finding that, if property is already in Government custody, a court cannot issue a seizure warrant and is not required to issue an injunction or restraining order, but only an order that will "assure the availability of the property").

15. Here, the Government previously seized the Seized Vehicle for forfeiture and hereby represents that it will preserve the Seized Vehicle for forfeiture until the criminal case, including any criminal ancillary forfeiture proceedings, is resolved. This Court is authorized to issue an order allowing the Government to continue to maintain custody of such property until the criminal case is concluded. *See Scarmazzo*, 2007 WL 587183 at *3.

WHEREFORE, the United States respectfully requests that this Court issue an order under 21 U.S.C. § 853(e)(1) that (1) directs the United States to maintain custody of the Seized Asset through the conclusion of the pending criminal case, including any ancillary forfeiture proceedings, and (2) finds that the United States has satisfied the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

    Respectfully submitted,

    **KURT R. ERSKINE**
    *Acting United States. Attorney*

    /s/RADKA T. NATIONS
    *Assistant United States Attorney*
    Georgia Bar No. 618248
    Radka.Nations2@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

June 3, 2021

/s/ RADKA T. NATIONS
**RADKA T. NATIONS**
*Assistant United States Attorney*